# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RANDALL SIMONTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-6123-CV-SJ-FJG |
| | ) |
| AMERICAN EXPRESS TRAVEL RELATED | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss (Doc. # 6).

### I. BACKGROUND

Plaintiff worked for American Express Travel Related Services Company, Inc. ("AMEX") from October 2000 until his termination on June 28, 2002. On May 30, 2002, AMEX notified plaintiff that his employment would be terminated on June 28, 2002 due to a reduction in force. AMEX offered plaintiff the opportunity to receive severance benefits he otherwise would not be entitled to receive in exchange for a release of all claims relating to his employment and the termination of his employment with AMEX. On May 31, 2002, plaintiff signed an Agreement and Release in connection with his acceptance of the severance package. The release stated in part:

> I agree to give up all of My Claims against the Company in exchange for the money and benefits described in II.B, and II.E above. I do not waive claims that may arise after the date this Agreement is signed by me and which are based on acts or omissions occurring after the date this Agreement is signed by me. I will not bring any lawsuits, complaints, or make any other demands against the Company based on My Claims. The money and benefits I am receiving are full and fair payment for the release of My Claims and is all that I will receive from the Company.
> My Claims means all of the rights I have now to any relief of any kind from

> the Company, whether or not I now know about those rights, relating to my employment with the Company and the termination of my employment, including, but not limited to, claims for breach of contract; fraud or misrepresentation; the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, or other federal, state or local civil rights laws or common laws; defamation; infliction of emotional distress; breach of the covenant of good faith and fair dealing; negligence; wrongful termination of employment; and any other claims.

The Agreement also provided:

> This Agreement is the entire agreement between me and the Company concerning my employment and the termination of my employment and supersedes all previous agreements, whether oral or written, between me and the Company. It is my intent to be legally bound by the terms of this Agreement.

Plaintiff states that AMEX represented to him that if he would sign the Agreement and Release and forego his FMLA request for time off for scheduled surgery, he would be rehired. Plaintiff argues that based on this representation, he signed the Agreement, declined to pursue his FMLA leave and accepted the severance pay. After the reduction in force, plaintiff states that AMEX created new agent positions for which he was qualified. He states that he applied on several occasions, but that AMEX refused to rehire him and instead hired younger women under the age of forty. Plaintiff states that defendant last refused to hire him in June 2004. On November 29, 2004, plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights. On December 8, 2004, plaintiff dual filed his charge of discrimination with the EEOC. On August 1, 2005, the EEOC issued a notice of right to sue letter. Plaintiff filed the instant Complaint on October 28, 2005.

In his seven count Complaint, plaintiff alleges the following: Count I (Failure to

2

Case 5:05-cv-06123-FJG   Document 43   Filed 11/21/06   Page 2 of 6

Hire - Age Discrimination in violation of ADEA); Count II: Hostile Work Environment (Gender Discrimination in violation of Title VII); Count III: Disparate Treatment (Gender); Count IV: Disability Discrimination in violation of ADA; Count V: Interference/Retaliation in violation of FMLA; Count VI: Fraudulent Misrepresentation; Count VII: Wrongful Discharge.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

## III. DISCUSSION

Defendant argues that plaintiff's claims are barred by the Agreement which

3

plaintiff executed in 2002 and additionally the claims are time barred.

In Grand Motors, Inc. v. Ford Motor Co., 564 F.Supp. 34, 38 (W.D.Mo. 1982), the Court stated:

> The policy of the law being to encourage freedom of contract and the peaceful settlement of disputes, . . . a release will be presumed valid and, as an affirmative defense, may be given effect by means of summary judgment. . . . Where, as in this case, there is no dispute as to the execution of a release, the burden is on the party attacking the release to establish its invalidity. . . Absent a showing of fraud, duress, illegality or mutual mistake, the language of an otherwise voluntary release will be given full effect.

In the instant case, AMEX argues that the Agreement and Release is unambiguous in its terms, scope and coverage and the intent of the parties is easily discernable from the document itself. The Agreement specifically states that it contains the entire agreement between the parties and supersedes any pre-existing or other agreements. AMEX also argues that plaintiff cannot use parole evidence to vary or alter the terms of the agreement. AMEX recognized that there was a fraud exception to the parole evidence rule, but states that this exception is not applicable because plaintiff has not stated a legally viable claim for fraud.

Plaintiff claims that the Release signed by plaintiff is not enforceable because AMEX fraudulently obtained plaintiff's consent by representing that it would rehire the plaintiff. Plaintiff argues that where a contract has been obtained through fraudulent representations, the contract fails for lack of consideration. Plaintiff states that AMEX's misrepresentations to him that he was being terminated because of market conditions vitiated the effect of the release that plaintiff signed.

In reply, AMEX argues that plaintiff cannot rely on the fraudulent concealment

4

claim, because he has failed to state this claim with particularity as required by Fed.R.Civ.P. 9(b). AMEX argues that plaintiff's conclusory allegations have been found insufficient to state a claim for fraud. In Reding v. Goldman Sachs & Co., 382 F.Supp.2d 1112 (E.D.Mo. 2005), the Court stated:

> To meet the requirements of Rule 9(b), a pleading must include such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. . . . Compliance with the particularity requirements of Rule 9 requires plaintiffs to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. . . .[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.

Id. at 1118 (internal citations and quotations omitted).

In his Complaint, plaintiff alleges only that AMEX made representations to him. However, he does not describe what representations were made, does not state who at AMEX made these representations, nor does he specify when or where the representations were made. Plaintiff states only generally that the statements were false and were made with no intention of acting in conformance with the representations. Plaintiff also alleges that he was induced by these representations to enter into the Agreement and Release.

The Court finds these allegations too general to state a claim for fraud. Accordingly, the Court hereby **GRANTS** defendant's Motion to Dismiss Count VI - Fraudulent Misrepresentation.

As the Court has determined that plaintiff has failed to state a claim for fraud, the Court hereby finds that there is no impediment to the enforcement of the Release Agreement. As Counts II, III, IV, V and VII all relate to plaintiff's previous employment,

5

the Court finds that plaintiff is barred from asserting these claims by the Release Agreement. The only claim which does not relate to plaintiff's previous employment is Count I - Failure to Hire (Age Discrimination Claim).

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendants' Motion to Dismiss (Doc. # 6). The Court hereby **DISMISSES** Counts II, III, IV, V, VI and VII of plaintiff's Complaint.


Date: November 21, 2006                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                                                  United States District Judge